GEORGE L. JOHNSON *v.* W. W. CATE.

October Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, and WATSON, JJ.

Opinion filed January 23, 1905.

*Principal and Agent—Payment by Agent—Voluntary Payment—Money Obtained by Fraud—Recovery—Common Money Counts—Charge of Court.*

When one sells goods to another whom he knows to be acting in the transaction as the agent of a known principal, the principal, and not the agent, is the purchaser.

When money has been obtained by one person from another by fraud and without consideration, it may be recovered under the common count for money had and received.

In assumpsit to recover money received by the defendant as the purchase price of goods bought for a known firm by the plaintiff from the defendant, and which money the plaintiff paid the defendant, relying upon his false representation that said firm had not paid him for said goods, when the defendant admitted, at the trial, that, if the goods were properly chargeable by him against said firm in the first instance, then the firm had paid him therefor before he obtained plaintiff's said money, and it appeared that the plaintiff, in making said purchase, was acting as the agent of a known firm, and that the defendant then knew this. *Held*, that said firm, and not the plaintiff, was the purchaser of said goods; that the plaintiff's requests to charge, based upon the theory that the jury were to find, as a fact, whether said firm was the purchaser, were properly denied; that the question of voluntary payment is not involved in the case; and that whether the items of said purchase appear on the books of said firm is immaterial to the defendant's interests.

In such case, because it appears of record that defendant obtained plaintiff's money by fraud and without consideration, plaintiff was entitled to have the jury instructed, in compliance with his request, that it was immaterial whether he guaranteed the payment for said goods, though his evidence tended to show that he did so.

In such case, when the plaintiff introduced in evidence a paper in the form of a receipted bill from defendant to said firm for "merchandise, the payment of which was guaranteed by" the plaintiff, and containing the items of the goods purchased by plaintiff from defendant for said firm, and which it appeared defendant executed and delivered to the plaintiff at the time the former obtained the money in question, but the evidence was conflicting as to what was then said by the parties as to the purpose of said paper, it was not error for the court to refuse to call the jury's special attention to the tendency thereof, though requested by the plaintiff to do so.


GENERAL ASSUMPSIT, common money counts, for money claimed to have been obtained by fraud. Plea, the general issue. Trial by jury at the December Term, 1903, Caledonia.

County, *Haselton, J.*, presiding. Verdict and judgment for the defendant. The plaintiff excepted. This case has been once before in the Supreme Court. See 75 Vt. 100.

The plaintiff's third, fifth, seventh, eighth, ninth, and tenth requests to charge, were as follows:

"Third: If the transaction was as stated by Mr. Cate with reference to the lumber, that he simply sold him the lumber, in view of the admissions made by Mr. Cate with reference to his knowledge of the agency of the plaintiff, the sale must be taken to have been to Gray, Howe & Stebbins, and not to Mr. Johnson."

"Fifth: If you find that the lumber and saw were purchased for Gray, Howe & Stebbins, so that it was their duty in the first instance to pay for them, the plaintiff is entitled to recover, if you find the defendant made the representations as claimed by the plaintiff and the money paid in reliance thereon."

"Seventh: If, in the performance of his duty, the plaintiff should have notified Gray, Howe & Stebbins, or Gray & Howe, of this transaction, and did not do so, that fact cannot advantage the defendant in this proceeding, if the purchase of the logs and saw were by Gray, Howe & Stebbins, and not a purchase for himself by the plaintiff."

"Eighth: Inasmuch as the settlement between Gray & Howe, and Gray, Howe and Stebbins and the defendant was a jump settlement, it is entirely immaterial, in any view of the case, whether these items or transactions appear on the books of Gray, Howe & Stebbins or not."

"Ninth: It is not necessary for the plaintiff to establish that he originally guaranteed the payment for either the logs or the saw. If the defendant falsely told the plaintiff that the purchase price of the logs and the saw, or either of them, was

still due the defendant when the price had in fact been paid to the defendant, by settlement or otherwise, the plaintiff is entitled to recover."

"Tenth: The paper marked 'Plaintiff's Ex. A.' is an important piece of evidence. You are entitled to use it for two purposes. First, it tends to impeach the defendant in respect of his claim that he never sold the goods to Gray, Howe & Stebbins, and further to impeach his testimony with reference to his present claim that the plaintiff had not before that time guaranteed to the defendant the price of the lumber and saw; beyond that, it is a piece of direct evidence tending in and of itself to affirmatively show that the facts are as stated herein, and as claimed by the plaintiff in this suit."

"Plaintiff's Ex. A." is as follows:

"Gray, Howe & Stebbins to W. W. Cate, Dr.

Merchandise, the pay for which was guaranteed by George L. Johnson.

| | | |
|---|---|---|
| 1891 | 21,732 ft. Hemlock $4.......................... | $ 86 92 |
| | 9,701 " Spruce $6.................. :.......... | 58 20 |
| | 178 " Hardwood $6 ................... ....... | 1 06 |
| | (Logs delivered at Stowe mill) | |
| | 1 Circular Saw ........................ | 60 00 |
| | | ——— |
| | | $206 18 |
| | Interest to 12-16-96............... | 61 85 |

Paid by settlement with George L. Johnson, 12-16-96.

W. W. Cate."

*Dunnett & Slack* for the plaintiff.

*May & Hill* for the defendant.

This was a voluntary payment, and plaintiff cannot re-cover. *Bryant* v. *Clark*, 45 Vt. 483; *Gilson* v. *Bingham*, 43 Vt. 410; *Gillett* v. *Brewster*, 62 Vt. 312.

The whole trial proceeded upon the theory that plaintiff claimed to be guarantor of the debt in question. Having made that a determining issue in the case, he cannot now be heard to say that such guaranty is immaterial. *State* v. *Slack*, 69 Vt. 486; *Stone* v. *Tupper*, 58 Vt. 409; *McMullan* v. *Erwin*, 71 Vt. 325; *Durfey* v. *Worcester*, 63 Vt. 418; *Johnson* v. *Cate*, 75 Vt. 100.

The Court properly denied plaintiff's tenth request. Ex. A. was before the jury. *Ashley* v. *Hendee*, 56 Vt. 209; *Read* v. *Read*, 56 Vt. 492; *Dudley* v. *Stevens*, 56 Vt. 158; *Boyden* v. *R. R. Co.*, 72 Vt. 89; *Gregg* v. *Willis*, 71 Vt. 313.

WATSON, J. This action is general assumpsit. The plaintiff seeks to recover $268.03, which he paid to the defendant on December 16, 1896. The plaintiff claims to recover on the ground that the money was obtained of him by the false and fraudulent representations then made to him by the defendant.

In the years 1891 and 1892 the plaintiff was agent for Gray, Howe & Stebbins, a commission lumber firm of Boston. This firm furnished, through the plaintiff, certain money to the defendant to stock his mill in Wolcott Village, and another mill in North Wolcott Village; the purchases for the defendant were either made or approved by the plaintiff; and generally he paid the bills directly to the parties of whom the purchases were made; but some money was furnished to the defendant to hire help, furnish machinery, tools, etc. The money so advanced by the firm, through the plaintiff to the defendant, was credited on the books of the firm to the plaintiff, and was to be charged to the defendant in settlement.

The defendant had the benefit of the entire proceeds of the lumber handled by him and sold by the firm. The items in dispute in this case were made up of some hemlock, spruce, and hardwood lumber, purchased by the plaintiff of the defendant in the course of these transactions, aggregating in value $146.18, and a circular saw for the North Wolcott mill, $60. These two items with interest to the 16th day of December, 1896, make the sum which the plaintiff claims was fraudulently obtained of him by the defendant on the day last named. The lumber composing the above item was sold and delivered at a mill operated by Gray, Howe & Stebbins in Stowe. The defendant had nothing to do with the operation of that mill. The saw was purchased for the mill at North Wolcott. This was one of the mills that was stocked by the defendant with the assistance of the plaintiff, and the lumber therefrom was all shipped by the defendant to Gray, Howe & Stebbins. The defendant admitted in the trial that he knew of the plaintiff's agency for that firm in connection with all of the business above mentioned, that is, he knew that the plaintiff was acting as agent for that firm, and did not know of any business that he was transacting for himself in those localities. The defence was that the goods were sold directly to the plaintiff, and not to Gray, Howe & Stebbins. The defendant also admitted that if the goods were properly chargeable by him to the firm in the first instance, then he had had his pay; and he only testified with reference to the lumber and saw that he sold them to the plaintiff. He did not testify that the name of Gray, Howe & Stebbins was mentioned in the transaction.

The plaintiff's evidence tended to show that he purchased both the lumber and the saw for the firm, but that he told the defendant at the time of the purchases that he would see that the defendant got his pay for them.

Thus the record shows that in the purchase of the lumber and the saw in question the plaintiff was acting as the agent of Gray, Howe & Stebbins, and that the defendant then knew it. In law the known principal and not the agent is the purchaser. Hence the plaintiff's third request should have been complied with.

Since upon the evidence and the defendant's admissions, Gray, Howe & Stebbins were the purchasers as a matter of law, the plaintiff's fifth and seventh requests were properly refused; for they were based upon the supposition that the jury were to find as a fact whether they were the purchasers or not.

It was proved that all matters between Gray, Howe & Stebbins and the defendant were closed by a "jump" settlement made in November, 1895. The defendant showed by Mr. Stebbins, a member of the firm, that there was no mention of these items respecting the saw and the lumber on the current books of the firm, so far as he had been able to determine by examination. But inasmuch as the defendant knew the plaintiff purchased this property for that firm as his principal, it was immaterial to the defendant's interests in this case whether these items or transactions appeared on the firm's books or not. Under these circumstances the plaintiff was entitled to a compliance with his eighth request.

Since the record shows not only that the defendant had knowledge of the plaintiff's agency in the transactions relating to the saw and to the lumber, and consequently knew that Gray, Howe & Stebbins were the purchasers of the property, but also that he was paid by the firm before he obtained of the plaintiff the money here sought to be recovered, the question of voluntary payment is not involved. The plaintiff's evidence tended to show that notwithstanding the defendant had been fully paid for the property, he then told the plaintiff that the firm had never paid for the saw or the lumber. And as

regards the lumber, the defendant admitted that he so stated. The plaintiff had no knowledge to the contrary, and relying upon the defendant's representations in this regard, paid him the money. Instead of there being a debt against Gray, Howe & Stebbins voluntarily paid by the plaintiff, it appears by the record that the defendant obtained the plaintiff's money by fraud and without consideration. Under these circumstances it makes no difference whether the plaintiff guaranteed the payment for the lumber and the saw or not, hence he was entitled to a charge in compliance with his ninth request. When money has been obtained by one person from another by fraud and without consideration, it may be recovered back under the common count for money had and received. 2 Greenl. Ev. § § 120, 122; *Cory* v. *Freeholders of Somerset,* 47 N. J. L. 181; *Burton* v. *Driggs,* 20 Wall. 125, 22 L. Ed. 299.

At the time the money in question was obtained by the defendant he executed the paper marked "Plaintiff's Ex. A" and delivered the same to the plaintiff. It is in form a receipted bill from himself to Gray, Howe & Stebbins for "merchandise, the pay of which is guaranteed by George L. Johnson" (the plaintiff), then giving the items for the lumber and the saw, with interest added to December 16, 1896. It further shows that the bill was "paid by settlement with George L. Johnson" on the day last named. The evidence was somewhat conflicting as to just what was said by the plaintiff and the defendant concerning the purpose of this paper at the time it was executed. At most it was but a piece of evidence to be considered with the other evidence and the admissions in the case. There was nothing about it which required the court to call the jury's special attention thereto, and to ignore the plaintiff's tenth request was not error.

*Judgment reversed and cause remanded.*

Powers, J., having been of counsel, did not sit.