564

Margaret Doyle and James Doyle, Plaintiffs, *v.* Union Railway Company of New York, Defendant, The City of New York, Respondent, Dave Marshack and Simon Kosachiner, Doing Business under the Trade Name and Style of Mar-Kay Plumbing and Heating Co., Defendants, Hyman Zaslow, Appellant, Victor L. Lomoff and Charlotte Lomoff, Defendants.

(Consolidated Action.)

First Department, June 22, 1937.

*Robert H. Charlton* of counsel [*Arthur L. Burchell* with him on the brief], for the appellant.

*Ralph W. Thomas* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

DORE, J. The plaintiffs Margaret Doyle and James Doyle sued for damages for personal injuries sustained by plaintiff Margaret Doyle when she was caused to fall on March 6, 1932, by reason of a hole in a highway in the city of New York at Morris avenue near One Hundred and Sixty-fourth street in the Bronx. The hole was in the roadway between the car track and the curb about one and one-half feet from the track at a point in the street approximately in front of property owned by the defendant Victor Lomoff. Two actions based on the same negligence had been brought which were consolidated and tried together against the following defendants: (1) City of New York, (2) Dave Marshack and Simon Kosachiner doing business under the name of Mar-Kay Plumbing and Heating Company, (3) Hyman Zaslow, and (4) Victor L. Lomoff and Charlotte Lomoff.

Plaintiffs alleged that the hole had been made by the city, that Marshack and Kosachiner had performed the work and had refilled it in a negligent and improper manner, and that the city was negligent in permitting the highway to remain in an unsafe condition.

The city filed and served a cross complaint against its codefendant Zaslow in which it alleged that on February 19, 1932, the defendants Marshack and Kosachiner, the plumbers, agreed to take over the opening that the city had made, to apply for a permit and arrange for replacing the pavement; that on February 26, 1932, the city issued a permit to the defendant Zaslow on the express condition that he would in all respects comply with the city's ordinance and that by virtue of chapter 23, article 1, section 4, of the New York Code of Ordinances it was provided: " In all cases where any person shall perform any of the work mentioned in the preceding section, either under contract with the City or by virtue of permission obtained from any department, board or officer of the City, such person shall be answerable for any damage which may be occasioned to persons, animals or property by reason of carelessness in any manner connected with the work." It also alleged that the damages suffered by the plaintiffs were sustained within

the terms of the application made by Marshack and Kosachiner or the permit issued to Zaslow and asked judgment over against Zaslow.

On the trial it was stipulated that the defendant Lomoff was the owner of the premises 972 Morris avenue at the time of the accident, that on February 18, 1932, after an inspection which showed a leak in the roadway, the city caused an opening to be made, ascertained that the leak was in the service pipe leading to the adjacent premises owned by the defendant Lomoff, called upon the owner to make the repair, and turned over the opening in the street to the defendants Marshack and Kosachiner, plumbers selected by the owner. The plumbers then obtained from the department of water supply a permit under which they agreed to take over and be responsible for the guarding and maintenance of the opening and also to apply within twenty-four hours for a permit to open the sidewalk and arrange for the replacing of the pavement. The plumbers made the necessary repairs to the water pipe under the sidewalk and then on February 18, 1932, refilled the excavation made by them on the sidewalk and also refilled the excavation which the city had made in the roadway. All the work was done by workmen employed by them and the excavation was completely refilled prior to February 27, 1932, when it was inspected.

After the job was completed, Marshack requested a friend of his, the defendant Hyman Zaslow, to obtain the permit for him which Marshack had failed to obtain as agreed within twenty-four hours after taking over the work. The stipulation expressly states " that after the work was completed a permit therefor was issued to the defendant Zaslow on the 26th day of February, 1932." It was also shown that Zaslow without any compensation to him had procured the permit solely as a courtesy and accommodation to the defendants Marshack and Kosachiner who supplied the permit fee of thirty dollars. Indeed it is not claimed that Zaslow had anything whatever to do with the work of making of the street opening or filling it in after it was made.

At the close of plaintiffs' case plaintiffs' complaint was dismissed as to the defendant Hyman Zaslow without objection by plaintiffs.

The court did not submit to the jury the question whether the defendant city of New York was entitled to a judgment against Zaslow on the city's cross-claim but instructed the jury that a verdict might be found in favor of the plaintiffs against all the defendants or against the defendant city of New York alone or against the defendants Marshack and Kosachiner and Lomoff or in favor of all the defendants.

The jury found in favor of the plaintiffs, against the defendants Marshack and Kosachiner and the city of New York and also found a verdict in favor of the defendant Lomoff, the owner of the property. Plaintiffs' verdicts, originally in the sums of $20,000 and $1,000, respectively, were reduced by the court to the sums of $7,500 and $500 upon stipulation of the attorneys all of whom agreed not to appeal except counsel for defendant Zaslow who had moved to dismiss the cross complaint and whose motion had been denied.

After rendition and reduction of the verdicts, the court (a) on motion of the corporation counsel granted judgments over on the cross-claims in favor of the city against (1) Marshack and Kosachiner and (2) Zaslow, and (b) on motion of Zaslow's counsel in favor of Zaslow on his cross-claim against defendants Marshack and Kosachiner.

The city contends that the appellant Zaslow, not having disclosed his principal in the application for the permit, was personally bound by the terms thereof, though in fact an agent, and that accordingly the court properly directed the judgment over in the city's favor against him, and that no matter who actually did the work, Zaslow had made himself responsible for it by thus applying for and procuring the permit in his name.

As Zaslow in the application for the permit represented that he was the duly authorized agent of the owner and did not disclose that he was acting for Marshack and Kosachiner, the plumbers, who were doing the work, he was personally liable for whatever obligation might arise out of the contract. (*Ell Dee Clothing Co.* v. *Marsh*, 247 N. Y. 392; *Argersinger* v. *Macnaughton*, 114 id. 535, 539.)

Unfortunately, however, for the city's contention on this appeal, the only obligation arising out of the contract that the city relied on was the obligation under the above-mentioned ordinance. The liability imposed by that ordinance was only on the persons who " shall perform any of the work " for damages occasioned by " carelessness in any manner connected with the work." It does not purport to impose any absolute liability on an applicant for a permit irrespective of whether or not he performs the work. If public policy, in the interest of avoiding the procuring of permits by irresponsible persons, requires the imposition of any such liability, it is for the local legislature to impose by an amendment of the ordinance. Under the terms of the ordinance relied on the liability incurred is for carelessness in the *performance* of the work. As the appellant Zaslow concededly had nothing whatever to do with the performance of the work directly or indirectly, he cannot

be held responsible.    (*City of New York* v. *Corn*, 133 App. Div. 1.)
The city by its stipulation at the trial is precluded from contending
that all of the work was not done prior to the issuance of the permit
to Zaslow, as that stipulation expressly states the permit was issued
to him " after the work was completed."

Accordingly the judgment so far as appealed from should be
reversed, with costs, and the cross-complaint dismissed, with costs.

MARTIN, P. J., GLENNON and CALLAHAN, JJ., concur; COHN, J.,
dissents.

Judgment, so far as appealed from, reversed, with costs, and the
cross-complaint dismissed, with costs.