Goodman Products Corporation, Appellant, *v.* A. Lustig, Inc., Defendant-Respondent, and Sol Simons et al., Defendants.

First Department, February 11, 1943.

*Abraham N. Davis* of counsel (*McCauley, Spiegelberg, Davis & Gallagher,* attorneys), for appellant.

*Saul Pearce* of counsel (*Morris Simonoff,* attorney), for respondent.

Townley, J. Plaintiff contracted on October 10, 1941, to purchase 200 barrels of frozen grapes. The sales memorandum

was signed by the defendant. This memorandum read in part as follows:

" We, as brokers, have
" Sold to Goodman Products Corp.,
                68 Jay Street,
                Brooklyn, New York
"For the Account of "

The order was subject to buyer's approval of one sample barrel and contained the following additional stipulations:

" Unless we appear as seller, any goods billed by us is only as a convenience to the seller.

" This sale is subject to confirmation of the seller.

" Sold through                      A. LUSTIG, INC.
                            By *Milton L. Loew.*"

The sample barrel was sent and accepted but there was a complete failure to ship the balance of the order. The principal in the transaction was one Cuyler who, for reasons not important here, could not make delivery. His identity was not disclosed to the purchaser at the time of the making of the contract. This action was brought to recover the damages resulting from this breach of contract.

The only substantial defense offered was that the plaintiff knew the defendant was a broker and not the principal in the transaction and for that reason was not liable upon the contract. This claim cannot be sustained. The law has long been settled in this State that one who signs a contract in a representative capacity without disclosing the name of his principal becomes personally liable thereon.

In *Meyer* v. *Redmond* (205 N. Y. 478) plaintiff purchased securities at auction from an auctioneer, Adrian H. Muller & Son. Plaintiff knew he was purchasing from an auctioneer but it was not disclosed to him for whom the auctioneer was acting. . The court said: " * * * but the purchaser has the right to know with whom he is dealing. He cannot be compelled to pay over the purchase price, or a part thereof, and then give time for the delivery of the property and thus be compelled to trust to the honesty and responsibility of a principal unknown to him; nor can he be bound to fulfill his bid by a principal whose name is disclosed after such bid. In other words, the purchaser cannot, without his consent, be compelled to contract with an insolvent principal or a person whom, he has reason to believe, cannot and will not carry out the terms of the contract. Instead thereof, when he bids

under a notice in which the principal has not been disclosed, he may properly deem the bid to have been made upon the responsibility of the auctioneer and look to him for the fulfillment of the contract." It was similarly said by the Court of Appeals in *Ell Dee Clothing Co.* v. *Marsh* (247 N. Y. 392): " We come, therefore, to the substantial question which we must determine. The general rule may be stated that where one party to a written contract is known to the other to be in fact acting as agent for some known principal, he does not become personally liable whether he signs individually or as agent. (*Johnson* v. *Cate*, 77 Vt. 218.) On the other hand, although known to be acting for an unknown principal, he is personally liable. Knowledge of the real principal is the test, and this means actual knowledge, not suspicion. (*Cobb* v. *Knapp*, 71 N. Y. 348; *Argersinger* v. *Macnaughton*, 114 N. Y. 535; *McClure* v. *Central Trust Co.*, 165 N. Y. 108; *DeRemer* v. *Brown*, 165 N. Y. 410; *Winsor* v. *Griggs*, 5 Cush. 210.) If this be a correct statement of the law, it determines the case before us."

To the same effect is the Restatement of the Law of Agency, section 321, which reads as follows: " Principal Partially Disclosed. Unless otherwise agreed, a person purporting to make a contract with another for a partially disclosed principal is a party to the contract.

" Comment: a. A principal is a partially disclosed principal when, at the time of making the contract in question, the other party thereto has notice that the agent is acting for a principal but has no notice of the principal's identity (see § 4)   *   *   *."

The determination of the Appellate Term should be reversed, with costs to the plaintiff in this court and in the Appellate Term and the judgment of the Municipal Court in favor of the plaintiff should be affirmed.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term unanimously reversed, with costs to the plaintiff in this court and in the Appellate Term and the judgment of the Municipal Court in favor of the plaintiff affirmed.