■ CROUSE WEST HOLDING CORP., Doing Business as FEAGANS PUB, Respondent, v SPHERE DRAKE INSURANCE COMPANY, PLC, Appellant, et al., Defendant. (Appeal No. 1.) [670 NYS2d 640] —Judgment modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In March 1994 defendant Sphere Drake Insurance Company, PLC (Sphere Drake), agreed to provide plaintiff, Crouse West Holding Corp., doing business as Feagans Pub (Crouse), with commercial general liability and liquor liability coverage under separate policies of insurance and issued a single insurance binder for both policies. The binder noted an assault and battery exclusion for the commercial general liability coverage, but not the liquor liability coverage. Nevertheless, both policies contained the exclusion when they were issued in June 1994. In December 1994 Crouse was named a defendant in a personal injury action arising from a fight at Feagans Pub in Syracuse in May 1994. After Sphere Drake disclaimed coverage in August 1995 based upon the assault and battery exclusion in each policy, Crouse commenced this declaratory judgment action.

Supreme Court properly granted in part Crouse's motion for summary judgment and declared that Sphere Drake is obligated to defend and indemnify Crouse under the liquor liability policy. A binder is a temporary contract of insurance that "binds the insurer according to its terms," and, where those terms are ambiguous, they must "be construed in favor of the insured" (1 Couch, Insurance 3d, § 13:6, at 13-18; *see, Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16, 19, *lv dismissed in part and denied in part* 87 NY2d 953). "This rule is enforced even more strictly when the language at issue purports to limit the company's liability" (*Venigalla v Penn Mut. Ins. Co.*, 130 AD2d 974, 975, *lv dismissed* 70 NY2d 747; *see, Seaboard Sur.*

*Co. v Gillette Co.*, 64 NY2d 304, 311). Sphere Drake has shown that an assault and battery exclusion is customarily included in its commercial general liability and liquor liability policies (*see, Sherri v National Sur. Co.*, 243 NY 266, 270). However, by issuing a binder that specifically notes the exclusion with respect to one coverage but not the other, Sphere Drake created confusion regarding the exclusion's application to both coverages. It would have been reasonable for Crouse to conclude based upon the binder that the exclusion applied to commercial general liability coverage only. The discrepancy in the binder concerning application of the exclusion created an ambiguity that must be resolved in Crouse's favor. Thus, at the time of the incident in May 1994, the assault and battery exclusion did not apply to Crouse's liquor liability coverage. The general rule relied upon by the dissent (*see, Ell Dee Clothing Co. v Marsh*, 247 NY 392, 396) has no application when it is the terms of the binder that are ambiguous (*see*, 68A NY Jur 2d, Insurance, § 709 [1998 ed]).

The exclusion applies, however, to Crouse's commercial general liability coverage. Thus, the court erred in declaring that, because the disclaimer of coverage was not timely, Sphere Drake is obligated to defend and indemnify Crouse under that policy. "[C]overage is the net total of policy inclusions minus exclusions, and the failure to disclaim based on an exclusion will not give rise to coverage that does not exist" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 323). We modify the judgment by granting judgment in favor of Sphere Drake declaring that it is not obligated to defend and indemnify Crouse under the commercial general liability policy.

Finally, we reject the contention of Crouse that it is entitled to attorneys' fees incurred in connection with this appeal (*see, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21).

All concur except Pine, J. P., and Hayes, J., who dissent in part and vote to reverse in the following Memorandum.

Pine, J. P., and Hayes, J. (dissenting in part). We respectfully dissent in part. We disagree with the majority's conclusion that there is coverage for assault and battery under the liquor liability insurance policy because the binder did not unambiguously exclude it. The cases relied upon by the majority apply to ambiguities in insurance policies, not binders. It is well settled that "[a] 'binder' is a present contract of insurance issued to protect the assured temporarily while the assurer investigates the risk and determines whether or not to issue a permanent policy. Imported into it, however, are all the obligations 'according to the terms of the policy in ordinary use by

the company' " (*Ell Dee Clothing Co. v Marsh,* 247 NY 392, 396, quoting *Sherri v National Sur. Co.,* 243 NY 266, 270; *see also, Lipman v Niagara Fire Ins. Co.,* 121 NY 454).

It is undisputed that both commercial general liability policies and liquor liability policies ordinarily issued by defendant Sphere Drake Insurance Company, PLC (Sphere Drake), exclude coverage for assault and battery. The one-page binder here included brief information about commercial property coverage, commercial general liability coverage and liquor liability coverage. Between the last two liability coverages is written "Assault and Battery Excluded". It is by no means clear from the placement of that notation that it was intended to apply to the commercial general liability coverage only, rather than to both liability coverages. Even assuming, arguendo, that the written exclusion referred only to the commercial general liability coverage, however, the question is whether mentioning the exclusion in the binder, when the standard general liability policy would have excluded coverage for assault and battery anyway, can possibly have the effect of creating such coverage under the liquor liability policy when the standard liquor liability policy would unquestionably have excluded it. We conclude that such a result is illogical and vote to reverse and grant judgment to Sphere Drake declaring that it is not obligated to defend or indemnify plaintiff under the liquor liability and commercial general liability policies. (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Declaratory Judgment.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.