■ THOMAS JOHNSON, INC., Respondent, v STATE INSURANCE FUND, Appellant. [887 NYS2d 902]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 26, 2008 in a declaratory judgment action. The judgment, among other things, granted judgment in favor of plaintiff declaring that defendant is obligated to pay all costs and fees incurred by plaintiff in the defense of a prior appeal taken by defendant.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the declaration and granting judgment in favor of defendant as follows:

It is adjudged and declared that defendant is not obligated to pay the costs and fees incurred by plaintiff in the defense of the prior appeal taken by defendant and as modified the judgment is affirmed without costs.

Memorandum: We agree with defendant that Supreme Court erred in granting judgment in plaintiff's favor declaring that defendant is obligated to pay all costs and fees incurred by plaintiff in the defense of an appeal taken by defendant from a prior judgment (*Thomas Johnson, Inc. v State Ins. Fund*, 50 AD3d 1544 [2008]). The prior judgment, inter alia, granted that part of plaintiff's cross motion seeking summary judgment declaring that plaintiff is entitled to an attorney of its own choosing, at defendant's expense, in the underlying personal injury action. "[I]t is well settled that an insured may not be awarded attorney fees incurred in the prosecution of a declaratory [judgment] action against the insurer to determine coverage" (*Penn Aluminum v Aetna Cas. & Sur. Co.*, 61 AD2d 1119, 1120 [1978]), unless the insured was "cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations" (*Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21 [1979]), and that is not the case here. Moreover, the fact that defendant took an appeal in a declaratory judgment action commenced by plaintiff is of no moment (*see generally Crouse W. Holding Corp. v Sphere Drake Ins. Co.*, 248 AD2d 932 [1998], *affd* 92 NY2d 1017 [1998]). We therefore modify the judgment accordingly.

We have examined defendant's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.