SAMUEL ROTH, Appellant, *v.* HOSTER REALTY CO., INC., and HENRY E. JUVENTY, as Administrator, etc., of SEBASTIAN SILVESTER, Deceased, Respondent.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

Mechanics' liens — action to foreclose — services as architect — plaintiff's failure to obtain certificate under section 77 of the General Business Law does not render his contract void.

Section 77 of the General Business Law is directed solely against the assumption of the title of architect or registered architect and does not forbid the practice of such profession or occupation generally.

Where in an action to foreclose a mechanic's lien tried without a jury, a judgment in favor of defendants upon a holding that under section 77 of the General Business Law the contract in suit was void as against public policy, will be reversed and a new trial ordered.

APPEAL by plaintiff from a judgment of the City Court of the city of New York in favor of defendants, after a trial by a court without a jury.

*Herman Roth*, for appellant.

*C. Parker Lattin*, for defendant Hoster Realty Co., Inc.

*J. J. K. O' Kennedy*, for defendant H. F. Juventy.

*Per Curiam.* This action was brought to foreclose a lien in favor of plaintiff, the lien having been filed to protect plaintiff's claim for services as an architect.

The learned judge below came to the conclusion that section 77 of the General Business Law required the holding that the contract in suit was void as against public policy. As we read that section of the law, however, it appears to us to be directed solely against the assumption of the title architect or registered architect. Its provisions are strikingly different from those governing, for example, the practice of professions like medicine and dentistry or the occupation of plumbing. The section under consideration like those in regard to accountancy and shorthand reporters, appears to be clearly regulative in respect of the title that may be assumed and does not forbid the practice of the profession or occupation generally.

In view of our opinion of the force of the statute it is not necessary to comment further upon the fact that the point does not seem to have been taken during the trial, and that consequently the plaintiff was not afforded an opportunity to show that his case fell within the exceptions specified in the statute itself.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

All concur; present, GUY, BIJUR and DELEHANTY, JJ.

Judgment reversed.