## HUDSON TRADING CO. v. HASLER & CO., Inc.

(District Court, S. D. New York. February 25, 1926.)

1. **Shipping ⬳35—Charter party, signed by agent of owner, held to sufficiently show fact of agency and identify principal, to relieve agent from personal liability (Rev. St. §§ 4155, 4170, 4312, 4319 [Comp. St. §§ 7736, 7751, 8058, 8065]; Act June 5, 1920, § 30, subsec. C [a], being Comp. St. Ann. Supp. 1923, § 8146¼kk).**

Charter party between "H. & Co., Inc., as agents for owners of the steamship Lake Forney of Portsmouth, New Hampshire, * * * classed American Bureau of Shipping, * * * and [charterer]," *held* to sufficiently show that H. & Co. signed only as agent, and to sufficiently identify its principal (though not named), to relieve it from personal liability, in view of statutes relating to enrollment of vessels, under Rev. St. §§ 4155, 4170, 4312, 4319 (Comp. St. §§ 7736, 7751, 8058, 8065), and Act June 5, 1920, § 30, subsec. C (a), being Comp. St. Ann. Supp. 1923, § 8146¼kk.

2. **Shipping ⬳35.**

Particularly in maritime cases, question whether agent has acted for undisclosed principal is tested by whether principal is identified, rather than named.

In Admiralty. Libel by the Hudson Trading Company against Hasler & Co., Inc. On defendant's motion to dismiss complaint. Complaint dismissed.

Nordlinger & Riegelman, of New York City (H. H. Nordlinger and Morris Cooper, Jr., both of New York City, of counsel), for plaintiff.

Bigham, Englar & Jones, of New York City (James W. Ryan, of New York City, of counsel), for defendant.

WINSLOW, District Judge. This is a motion made by the defendant for judgment dismissing the complaint, on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.

[1] The action is on a charter party, a copy of which is attached to the complaint. It is a printed form, entitled "Steam Charter Party," bearing date August 29, 1923, between "Hasler & Company, Inc., as agents for owners of the steamship Lake Forney, of

Portsmouth, N. H., of the burthen of 1,623 tons, or thereabouts, net register measurement, classed American Bureau of Shipping, of the first part, now trading, and the Hudson Trading Company, New York City, of the second part," etc. The charter party is executed "Hasler & Co., Inc., as Agents, by W. W. Westerlund, Vice President." It provided for the carriage on the chartered steamship, of a cargo from City Point, Va., to Boston. The sole question involved is whether the contract, which is said to have been breached, renders the defendant personally liable on the theory that the identity of the principal is not sufficiently disclosed.

There is no ambiguity about the language of the charter party itself. It is quite manifest that "Hasler & Co., Inc.," executed the instrument as agents, and nowhere in the body of the instrument is there the slightest indication that the agent assumed any obligation, other than as agent of the owners. The words "as agents for the owners," at the beginning of the instrument, and the words "as Agents," affixed to the signature at the end of the instrument, can, by no stretch of the imagination, be regarded merely as words of description. Unless the words "as Agents" clearly indicate that they are acting in that capacity alone, the words have no sense or meaning whatever. The overwhelming weight of authority supports this view.

In some of the reported cases, the parties signatory have been referred to in the body of the contract as agents for others, without qualifying words attached to the signature. Some of the earlier cases on such a state of facts have held that the brokers were personally liable. Whether or not these earlier cases would be followed, in the light of the development of the law, it is not necessary to determine, for the reason that, in the instant case, the signature at the end of the instrument has the words of qualification. It is certainly in the interest of the commercial world that a signature "as Agent" should be deemed to be a deliberate expression of intention to exclude any personal liability on the part of the signatory.

[2] It is necessary to inquire, however, whether there is such a failure to disclose the real principal as to result in the conclusion that the contract with the agent for the undisclosed principal binds the agent. It seems to me that the test, particularly in a maritime case, is not whether a principal is named, but rather whether the principal is identified. Name and identity are very different things. Name is evidence of identity. Words of description, which eliminate all others save the one sought to be bound, are far more conclusive in the disclosure of the principal than name.

To say that "Hasler & Co., Inc.," are acting "as agents for owners of the steamship Lake Forney, of Portsmouth, N. H., of the burthen of 1,623 tons, or thereabouts, net register measurement, classed American Bureau of Shipping," etc., identifies the principal beyond peradventure. The laws of the United States impose upon the collector of the home port of the vessel the duty of keeping a public record of the address of the Lake Forney's owner. R. S. .U. S. §§ 4155, 4170, 4312, 4319 (Comp. St. §§ 7736, 7751, 8058, 8065).

Any mortgage or sale of a vessel of the United States, in order to be valid as against any person other than the grantor or mortgagor, or their representatives, requires that a bill of sale, or such mortgage, shall be recorded in the office of the collector of customs of the port of documentation of such vessel. See Merchant Marine Act, June 5, 1920, § 30, subsec. C (a) being Comp. St. Ann. Supp. 1923, § 8146¼kk; Nav. Laws U. S. 1923, p. 478. Domestic or coastwise vessels are enrolled. Section 4319, R. S. U. S.

In the instant case, not only is the vessel itself identified, but the owner thereof is identified by a public record. An unrecorded bill of sale will not relieve from liability. I am satisfied that, under the contract, the only liability of the defendant under this charter is as agent of the steamship Lake Forney, of Portsmouth, N. H. The charter party sufficiently disclosed the identity of the principal.

Complaint dismissed.