EUGENE L. GAREY, Plaintiff, *v.* PEREZ F. HUFF Co., INC., Defendant.

Supreme Court, New York County, November 6, 1929.

*Robert F. Mahoney*, for the plaintiff.

*Epstein & Hirschfield*, for the defendant.

SHERMAN, J. The decision of this motion depends upon the meaning of section 66 of the Insurance Law (as added by Laws of 1913, chap. 52). Plaintiff purchased of defendant in May, 1928, shares of stock of the Piedmont Fire Insurance Company, a foreign insurance company not authorized to do business within the State of New York. The second, third and fourth causes of action in the complaint assert that the sale was made by defendant, a dealer in securities, in violation of section 66 of the Insurance Law and that plaintiff has tendered the certificates to defendant and demanded the return of the purchase price, which amount he seeks to recover in this action. Each of the above causes of action asks for the same relief and each is predicated upon an alleged violation of a part of section 66. In the second cause of action plaintiff charges that the sale was in contravention of subdivision 2 of section 66 providing, among other things, that no one may sell or offer for sale the securities of any insurance corporation unlicensed to engage in the business of insurance in this State unless there shall have first been issued by the Superintendent of Insurance a permissive certificate, and that no such certificate was here issued. The third cause of action rescinds the sale because of the use by defendant of printed matter and information referring to the shares of stock, without such printed matter " having been first approved by the superintendent of insurance " under subdivision 6 of section 66, and the fourth cause of action is rested upon the allegation that the defendant circulated or employed " a circular or statement, both printed and oral, of a sort misrepresenting or exaggerating the value of such corporate stock and the profits to be derived directly from the organizing or holding corporations, as defined in section 66." Each of these causes of action seeks a return of the purchase price upon the plea that the sale was voided by these respective breaches of statute.

Defendant's answer, in addition to a general denial, pleads four

separate defenses to each of these causes of action, and they may be roughly summarized as follows: The first separate defense states that plaintiff, a practicing lawyer, had full knowledge when he made the purchase of the fact that no certificate had been issued by the Superintendent of Insurance permitting the sale of the stock. The second separate defense asserts that the shares sold were the property of defendant and that accordingly no permissive certificate was required. The third defense pleads that there was no public market for the sale of the stock and that the sale was made at private sale. The fourth defense is that section 66 of the Insurance Law is unconstitutional in that it contravenes the provisions of the Constitution of this State and of the United States.

If it be that these causes of action are sufficient in law, none of the defenses is valid. But defendant urges that a sale of the stock of a foreign unlicensed insurance company may be made without the prior procurement of any certificate from the Superintendent of Insurance, where such sale is not in connection with the promotion or initial distribution of the securities of an insurance corporation, and that the scope of section 66 is so restricted by the heading of the section and by the history and context of the act. While it may be that the mischief which the Legislature sought to suppress was the flotation in this State of the securities of new and unlicensed insurance companies over which the Insurance Department had no control and which an unwary purchaser might believe to be safeguarded by the regulatory power of the Insurance Department, nevertheless the language of section 66 is not expressly limited. The field of inhibition is much broader and embraces every sale, whether in connection with the formation of the insurance company or later.

Subdivision 2 of section 66 first prohibits the sale by an agent or broker of the securities of promoting or holding corporations as defined in the act, and of any unauthorized insurance corporation unless a certificate of authority to sell such securities shall first have been obtained. That prohibition is leveled solely against the broker or agent. The next sentence contains a broad prohibition forbidding any individual, partnership, association or corporation to " sell or offer for sale in this state the securities of any promoting or holding corporation as defined in this section, or of any insurance corporation which is not at the time of such sale or offer of sale, lawfully engaged or authorized to engage in the transaction of the business of insurance in this state, unless such corporation shall have first procured from the superintendent of insurance, as hereinafter provided, a certificate that said corporation has fully complied with the provisions of this section and is

authorized to sell such securities." Such certificate is a pre-requisite to the valid sale in this State of the securities of an unlicensed insurance company. Additionally, no broker may make such a sale without the procurement of the certificate mentioned in the first sentence of this subdivision. The conclusion follows that whereas any one other than a broker may sell the securities of an unlicensed insurance corporation which has procured a proper certificate, a broker, however, may not do so unless he likewise has the additional certificate. Apparently the Legislature was not satisfied merely with the general prohibition, but, realizing that such sales were usually conducted by agents or brokers, sought to establish a double check, thereby regulating the method of sale by a broker in addition to the sale either by the company itself or by a holder.

To sustain the defendant's view that the general prohibition of subdivision 2 of section 66 must be construed to relate only to cases of promotion of insurance corporations would be to ignore the express language above quoted. Therefore, the sale made as claimed by plaintiff in violation of the above quoted prohibition, supports the second cause of action.

The fact that both parties understood that they were acting in violation of the law does not afford to the defendant, which alone was under the ban of the statute, an avenue of escape. The parties were not *in pari delicto* though *particeps criminis*. The offense against the law was not *malum in se*. Under these circumstances where plaintiff is not seeking to recover a benefit from an illegal transaction but to restore the parties to the situation in which they were before it took place, no defense is presented. (*Duval* v. *Wellman*, 124 N. Y. 156; *Tracy* v. *Talmage*, 14 id. 162; 3 Williston Cont. § 1789.) The first separate defense to the second cause of action is, therefore, insufficient. Nor does it matter that the defendant was selling its own stock, inasmuch as all sales of such stock made without the prior issuance of the required certificate from the Insurance Department are inhibited. Whether the purchase was at public or private sale is of no moment as constituting a defense. The existence or non-existence of a public market cannot affect defendant's liability. Thus the second and third defenses to the second cause of action are each of no avail.

The plea of unconstitutionality of section 66 (found in the fourth defense) is not properly averred, but if it were the statute is plainly constitutional as a valid exercise of the State's police power. In the exercise of its power to prevent fraud and imposition the State may forbid dealing in stocks without a license and subject

the business to supervision. (*Hall* v. *Geiger-Jones Co.*, 242 U. S. 539.) Particularly is this true where the business of the corporation whose securities are being sold is one affected with a public interest and concededly subject to the regulatory powers of the State.

None of the separate defenses may stand against the second cause of action; the third and fourth causes of action, however, are not postulated upon a violation of the prohibition against a sale, but each rests upon the failure of the seller to conform in certain particulars to matters of method in procuring a customer or effecting the sale. Each of such violations standing by itself does not support a cause of action for the return of the purchase price. These facts might constitute an element of fraud in a proper complaint, but neither of these causes of action sounds in fraud and the allegations of such alleged violations afford no sufficient ground for rescission.

Accordingly, inasmuch as each of these two causes of action is insufficient in law, the answer thereto may not be stricken out, because "a bad answer is good enough for a bad complaint." (*Baxter* v. *McDonnell*, 154 N. Y. 432, 436; *Pierce* v. *Bristol*, 130 Misc. 188.)

As to the second cause of action the first, second, third and fourth separate defenses contained in the answer are stricken out; otherwise, the motion is denied. Settle order.