Jacobs, J.
This is an action to recover for material and labor supplied by plaintiffs in the repair of the S. S. Providencia, an Italian vessel docked at the Port of Albany on or about January 27, 1954. This case was tried by the court without a jury. The amount involved is not in dispute. The sole question in issue is whether defendant acted as principal or as agent.
Defendant’s only witness was Kurt Konodi, branch manager, who had engaged plaintiffs to perform the work. He testified that defendant operates as agent for a steamship agency in New York City. There is no evidence that this fact was made known to plaintiffs; nor, is there evidence of the identity of said agency even now. There is also some evidence by defendant that plaintiffs were told to see the captain or chief engineer of the ship; there is affirmative testimony, however, that the plaintiffs saw the witness, Konodi, on board the ship and he gave plaintiffs’ men instructions. It is defendant’s contention that it acted as agent and that plaintiff knew this. Even if the court were to give to the defendant the benefit of any doubt and assume that plaintiffs knew defendant to be an agent, there appears in the case no evidence to indicate disclosure of a principal.
Where a principal’s identity is concealed the agent may be held personally liable. (Ell Dee Clothing Co. v. Marsh, 247 N. Y. 392, 397; Scire v. American Export Lines, 197 Misc, 422.)
In the instant case, I find no evidence proving agency. Defendant’s contention that plaintiffs could or should have *950 suspected that a principal was involved, cannot be sustained. “ It is not sufficient to relieve the agent from personal liability that the person with whom he dealt had means of knowing that the agent was acting as such.” (1 Williston on Contracts [Rev. ed.], § 288.) Knowledge of the real principal is the test and this means actual knowledge and not suspicion. (3 C. J. S., Agency, § 216, subd. a; Ell Dee Clothing Co. v. Marsh, supra.) Nor, can this court accept defendant’s argument that a prior transaction between the parties tended to disclose that defendant acted as agent. That transaction involved work by plaintiffs on the same ship on or about April 4, 1953. The testimony stands undisputed that defendant paid that prior bill by its own check.
The courts have held that agency may be inferred from prior habit or course of dealing of similar nature between parties. (O. H. Skutt, Inc., v. J. & H. Goodwin, Ltd., 251 App. Div. 84.)
Conversely, the inference in this case, based upon a prior dealing between the parties, is that defendant acted as principal, not as agent.
This court, therefore, finds from all the facts in this case, that defendant acted as principal, not as agent; that if, indeed, defendant was the agent, its principal remained undisclosed; in either event defendant must be held responsible.
Judgment is rendered for plaintiff in the sum of $691.08, with interest and costs.
The motions on which decision was reserved at the trial are herewith determined in accordance with this decision.