Motions by petitioner (1) to strike out separate defense in the answer of the respondent trustees contained in paragraphs Thirteen through Twenty-two thereof, on the ground that it is insufficient in law and (2) to strike out the defense of the Statute of Limitations contained in paragraph Twenty-three of said answer on the ground that it is insufficient in law. Cross motions by respondents (1) under rule 112 of the Rules of Civil Practice for judgment on the pleadings in favor of respondents and dismissing the petition as insufficient in law and (2) under rule 113 of the Rules of Civil Practice for summary judgment upon the pleadings and supporting affidavits.
G. Robert Witmer, J.
Petitioner instituted this proceeding under article 79 of the Civil Practice Act to compel the respondent trustees herein to account and to transfer the trust assets to the executors of the will of the deceased life tenant; and respondents interposed answers. Petitioner has moved to strike out respondent trustees’ separate defenses contained in paragraphs Thirteen through Twenty-two and in paragraph Twenty-three of their answer, as insufficient in law. Respondents have cross-moved for judgment on the pleadings and for summary judgment.
It appears that the petitioner is the executor and sole residuary legatee of the will of his deceased wife, Elizabeth Emerson Dickman, who was a beneficiary under an inter vivos trust created by her father, Fred L. Emerson, on June 1, 1932 when she was 19 years of age. By the terms of the instrument creating said trust it was provided that when the daughter should *952 attain 35 years of age the trustees should convey all of the principal of the trust to her absolutely, and in their discretion they were authorized to pay it to her before she attained such age.
The trustees never conveyed the trust principal to said beneficiary, who became 35 years of age on April 24, 1948 and continued to live for more than eight years thereafter, dying January 23, 1957.
It appears that said beneficiary executed three instruments which purported to modify the original trust indenture created by her father. The first of such modifying instruments was executed on October 3, 1938 when the beneficiary was 25 years of age. By it she assigned additional assets to the trustees for them to hold “upon the trusts and subject to the terms and conditions of said Indenture of June 1st, 1932, as herein modified, and amended.” The provisions for payment of income during the daughter’s lifetime were continued. By paragraph Second thereof the amendment purported to delete from the original trust instrument the Second paragraph thereof above referred to, which directed the trustees to pay over to her all of the trust principal when she should become 35 years of age, and in paragraph Third of this later instrument she provided for the payment of such principal on her death to her two brothers and her issue or to the Fred L. Emerson Foundation, Inc., a charitable corporation. In paragraph Sixth there was granted to her the right, with the consent of the trustees, to revoke the trust, with the provision that in such event all of the principal of the trust should be paid to her forthwith. Said beneficiary’s father, Fred L. Emerson, the creator of the original trust, was not personally a party to this modifying instrument, although as president of the Foundation he joined in its execution, and the minutes of the trustees indicate that he was present at the meeting when the modification agreement was made, and that he concurred therein.
The second modifying agreement was executed on December 1, 1943 by the three trustees and Elizabeth Emerson Dickman, when the said daughter beneficiary was 30 years of age. Reference was made to the trust of June 1, 1932 as modified on October 3,1938, and payment of income was continued as therein provided. By paragraph Second it Avas provided that upon the death of said life beneficiary, Elizabeth E. Dickman, the trustees should pay the principal of the trust per stirpes to her issue, and if none, to the living issue of her father, the creator of the original trust, and if none, to the Fred L. Emerson Foundation, Inc.; and in paragraph Fourth Elizabeth reserved *953 the right, with the consent of the trustees, to revoke the trust, in which event the trustees were directed to pay all of the trust fund to her absolutely.
The third modifying agreement was executed on December 27, 1949 by the three trustees of the trust and Elizabeth E. Dickman as beneficiary, when said Elizabeth had attained the age of 35 years and in fact was over 36 years of age. The agreement contains recitals referring to the original trust indenture and the two previous modifying agreements and to the beneficiary’s right at any time with the consent of the trustees to revoke or amend the trust, and proceeds to amend the previous agreement, presumably for tax purposes, by adding the provision that no trustee having an interest in the corpus shall have any power to vote for or against any proposed payment over of trust principal. By paragraph Second thereof, it was. provided “ Except as herein modified, altered, and amended, the said Indenture, dated June 1, 1932, as modified, altered, or amended by the aforesaid agreements dated respectively October 3,1938, and December 1,1943, shall in all respects remain in full force and effect.”
It is alleged in the separate defense contained in paragraphs Thirteen through Twenty-two of the answer of the respondent trustees that by the above modifying instruments a new trust was created in which Elizabeth E. Dickman relinquished her right to the remainder of the trust and designated others as such remaindermen. Petitioner’s motion against such defense rests upon his assertion that upon the face thereof and exhibits made a part thereof, the same is insufficient as a matter of law.
In their cross motion for judgment upon the pleadings, respondents embrace and challenge petitioner’s motion to dismiss their said first affirmative defense.
If as a matter of law the affirmative defense is sustainable, the motion to strike it must be denied. Likewise, if an issue is presented by the pleadings which cannot be resolved as a matter of law, the motion for judgment thereon must be denied.
Respondents do not now contend that Elizabeth had the right to revoke or modify the original trust indenture of June 1, 1932; and clearly only her father, the creator of that trust, could revoke it, upon the consents of all persons beneficially interested therein. (Personal Property Law, § 23; Culver v. Title Guar. & Trust Co., 296 N. Y. 74.) They do contend that Elizabeth had a vested remainder in the fund, subject to be divested in the event of her failure to attain 35 years of age, and that she had the right to assign her expectant interest in that remainder. This contention is correct (Matter of Fowler, 288 N. Y. 697; *954 West v. Burke, 219 N. Y. 7, 15; Bergmann v. Lord, 194 N. Y. 70, 74; Wells v. Squires, 117 App. Div. 502, affd. 191 N. Y. 529; Matter of Graczyk, 66 N. Y. S. 2d 750, 757; Schrader v. Smith, 10 Misc 2d 475; Personal Property Law, § 15, subd. 1) and it is not disputed by petitioner. Petitioner does dispute, however, the applicability of such law to this case. He contends that by the amending instrument of October 3, 1938 Elizabeth made no attempt to assign her remainder interest under the original trust to the trustees under a new trust, and that the trustees did not exercise their discretionary power to pay the fund to her. He argues that it would have been easy for Elizabeth to express such an assignment unequivocably at that time, if it were her purpose, and that the court cannot accomplish for her what she failed to do, even though it should appear that in effect she intended an assignment.
This court is inclined to agree with the foregoing arguments of petitioner. The first modifying instrument expressly assigns other assets to the trustees to hold, “ together with property now constituting the principal of said trust”, subject to the terms of the original trust indenture “ as herein modified and amended.” As above noted, her attempted modification of the original trust indenture was beyond her power; and there was no direct assignment by Elizabeth of her remainder interest in the trust. As of that moment, the court cannot assume that she meant to assign such interest, but if such assumption could be made, the court could not do for her what she failed to do for herself under these circumstances (see Farmers’ L & T Co. v. Winthrop, 238 N. Y. 477, 485-486).
The same may be said concerning the second modifying agreement of December 1, 1943.
It is noted that among other things respondents contend that Elizabeth validly created a new trust or amendment of the original trust of 1932 and it is alleged that in December of 1949 when Elizabeth was 36 years of age and for a year and a half under the original trust agreement had been entitled to have the corpus of the fund paid to her absolutely, she executed the third modifying agreement. By the language of the agreement Elizabeth does not expressly recognize the fact that she is entitled to receive the corpus of the trust fund outright. She recites her right, with the consent of the majority of the trustees, to revoke or modify the trust. Her intention at this time, in the light of what transpired in October, 1938 and December, 1943 and each year following the execution of the instrument of October 3, 1938 is important to a determination of the issue in this case.
*955 'When the two prior modifying agreements were made Elizabeth was not entitled to possession of the corpus; it continued in the possession of the trustees; and, as has been held above, Elizabeth had not acted to effectuate an intention to assign her interest in the fund to the trustees. On December 27, 1949, however, she was entitled to have the corpus of the trust paid over to her absolutely; the original trust had ended except for the administrative step by the trustees of turning over the assets to her; and it may be established under respondents ’ pleading that at that time she affirmatively acted to confirm her prior legally ineffective agreements, and that thereby she effectually created a new trust of the funds in the hands of the trustees upon the terms specified in the original indenture and the two modifying agreements, as further modified by the agreement of December 27, 1949.
In view of the foregoing, the motion to strike respondents’ defense contained in paragraphs Thirteen through Twenty-two is denied; and respondents’ motion for judgment on the pleadings is likewise denied.
Petitioner’s motion to strike the defense of the Statute of Limitations contained in paragraph Twenty-three of the respondent trustees ’ answer is granted, for failure of said respondents to allege a time when the statute began to run. (Matter of Meyer, 98 App. Div. 7, affd. 181 N. Y. 553; 2 CarmodyWait, New York Practice, § 208; and cf. Bacon v. Chapman, 85 App. Div. 309, wherein the time when the statute began to run was presumed.) However, leave to amend is granted to the respondents in this respect.
The remaining motion is that of respondents for summary judgment. The determination of this matter rests largely upon a finding of the intention of Elizabeth E. Dickman when the three modifying instruments were executed. The facts supplied in support of the motion as shedding light on this subject are exclusively within the knowledge of the moving parties and are unknown to petitioner, or largely so. Under such circumstances summary judgment may not be granted. (De France v. Oestrike, 8 A D 2d 735; Universal Major Elec. Appliances v. Rudisco, 3 A D 2d 687; Verity v. Peoples State Bank of Baldwin, 1 A D 2d 833; Segal v. National City Bank of N. Y., 269 App. Div. 986; Goodman v. Mutual Broadcasting System, 16 Misc 2d 858.)
Accordingly, the motion for summary judgment is denied.
Submit order in accordance with the foregoing dispositions.