Jambs J. Conroy, J.
In an action to recover damages for work, labor and services, the plaintiff moves for summary judgment.
The complaint in pertinent part alleges in three causes of action that on three occasions, at the request of the defendant, plaintiff sold and delivered tiles to various job sites and that on one occasion the plaintiff also furnished the labor in installing such tiles. The answer pleads certain denials and two affirmative defenses, the essence of which is that the defendant was acting as the agent of one Italia Tile Corp., which fact was known to the plaintiff when the defendant requested it to deliver the material and perform the work.
The plaintiff, in support of the motion, submits four documents signed by the defendant individually requesting the material and labor as alleged in the complaint. Some of these documents have a letterhead with the defendant’s name. Therefore, the plaintiff argues, citing Meyer v. Redmond (205 N. Y. 478) as authority, that where an alleged agent signs a written contract in his own name, which contract does not show upon its face that the alleged agent was acting for another, he will be personally bound thereby.
The defendant, on the other hand, submits documents showing a course of dealing with the plaintiff where various orders were made by the defendant on papers containing its own letterhead and signed by it individually, and that plaintiff billed Italia Tile Corp. for such materials and, in fact, some of these bills were paid by checks of Italia Tile Corp. Therefore, the defendant argues, citing Ell Dee Clothing Co. v. Marsh (247 N. Y. 392) as authority, that where a party acts as an agent for some known principal, he does not become personally liable on a written contract, whether he signs it individually or as agent.
There is some conflict in New York Law concerning the liability of an agent who signs individually a writing apparently complete on its face, and which does not indicate that it was made for the principal. There are certain cases (Gordon Malting Co. v. Bartels Brewing Co., 206 N. Y. 528; Meyer v. Redmond, supra) which state that parol evidence contradicting the written contract and showing that it was intended and. understood to be made on behalf of the prinicipal is not admissible *942 to relieve the agent from his personal liability, although it would be admissible to hold the principal. There are others, however (Ell Dee Clothing Co. v. Marsh, supra; Scira v. American Export Lines, 197 Misc. 422) which state that where one party to a written contract is known to the other to be in fact acting as an agent for some known principal, he does not become personally liable, whether he signs a contract individually or as agent, unless there is evidence to show that the agent intended to be personally bound. This conflict, however, need not be resolved. In Hernandez v. Brookdale Mills (194 App. Div. 369), the court stated at page 381: “ when the principal is known to the person dealing with the agent and it is understood by both parties that the contract is negotiated for the principal, the courts should not close their eyes to the manner in which such contracts are constantly negotiated and by the application of an arbitrary rule hold that a contract intended and understood to be that of the prinicipal personally binds the agent, who had no intention of pledging his personal credit, and binds the principal as well, so that the party dealing with him may look to whichever of them he finds to be the more responsible financially. ’ ’ In the case at bar, there were a series of transactions between the plaintiff and the defendant and if the situation is as the defendant contends, it would be improvident for the court to exclude parol evidence to show that the defendant in fact was the agent for a disclosed principal. (See Azzarello v. Richards, 198 Misc. 723 ; Royal Ind. Co. v. Corn, 162 N. Y. S. 659; see generally Weidman v. Klot, 11 A D 2d 641.) Under these circumstances, it is apparent that there is an issue of fact as to whether the defendant was acting as an agent for a disclosed principal. Accordingly, the motion is in all respects denied.