IRVING UNGER, Respondent, v. TRAVEL ARRANGEMENTS, INC., Appellant.

First Department, January 25, 1966.

*Francis Finkelhor,* attorney (*Martin Finkelhor* of counsel), for appellant.

*Herbert Rand* of counsel (*Preiss & Rand,* attorneys), for respondent.

WITMER, J.  We are asked on this appeal to determine whether the courts below were correct in granting plaintiff's motion for summary judgment against the defendant, Travel Arrangements, Inc.  It appears that in August, 1964 plaintiff asked the

defendant to secure steamship passage for himself and family from New York to the British West Indies; that defendant arranged for such passage on the S. S. *Riviera* and sent plaintiff a bill therefor in the sum of $704.55, which plaintiff promptly paid; and that before the scheduled date for sailing, defendant's principal became insolvent and the cruise was cancelled. Plaintiff then demanded of defendant that his money be refunded; the demand was refused; and this lawsuit was instituted.

In his complaint plaintiff alleged four bases for recovery, in four causes of action: (1) that defendant was not duly licensed as a travel agent under article 10 of the General Business Law (§§ 150–154); (2) that there was a failure of consideration; (3) impossibility of performance, and (4) money had and received. After defendant entered a general denial, plaintiff moved for summary judgment (supported by an affidavit setting forth most of the above facts) against the defendant on the ground that it was not licensed under article 10 of the General Business Law. Defendant cross-moved for summary judgment, supported by an affidavit and exhibits setting forth that it was a duly certificated agent of a steamship company and expressly excluded by the terms of section 150 of the General Business Law from the requirement that it be licensed; that it acted as agent for the Caribbean Cruise Lines, Inc., the operator of the S. S. *Riviera*; that it remitted to its principal the payment made to it by plaintiff, less defendant's commission amounting to $69; and asserted that defendant as such agent has no obligation to the plaintiff. The plaintiff served a reply affidavit on the motion, and set forth facts which, it contends, show that the defendant was acting as principal; and that if it was acting as agent, it did not reveal to the plaintiff the name of its principal, and hence, the plaintiff asserts, defendant is liable to the plaintiff as if it were the principal.

Summary judgment was granted to the plaintiff against the defendant on this motion and cross motion. Defendant moved to reargue, which motion was granted; and on the reargument defendant pointed out that in his complaint the plaintiff had not demanded judgment against the defendant on the ground that the defendant had failed to disclose its principal; and the affidavits in support of the reargument set forth the alleged facts that plaintiff, when he contacted defendant for such passage, knew that defendant was only a travel agency, knew that the Caribbean Cruise Lines, Inc. was operator of the S. S. *Riviera,* and that plaintiff told defendant's employee, who was acquainted with him, that the plaintiff had just come from the office of the Caribbean Cruise Lines, Inc. and wanted defendant

to arrange passage for him on the S. S. *Yarmouth Castle*; but before such could be arranged, the *Yarmouth Castle* cruise was cancelled, and plaintiff asked defendant to book passage for him on the S. S. *Riviera*, which was done. In plaintiff's affidavit in opposition to defendant's motion for reargument, he fails to meet directly the above assertions by the defendant. Instead, he equivocates by saying that whether or not he knew that the Caribbean Cruise Lines, Inc. was owner or operator of the S. S. *Riviera* "is irrelevant as a matter of law under the admitted facts in this case." He proceeds to charge that the defendant is misinforming the court as to who is the owner of the S. S. *Riviera*; and says that the defendant did not tell him that the Caribbean Cruise Lines, Inc. was the owner or operator thereof.

Admittedly, if the defendant paid the money over to its principal as it asserts, the plaintiff has a valid claim for restitution against the principal under the theories of his second, third and fourth causes of action. But it appears that the principal is insolvent, and hence plaintiff seeks recovery from the defendant agent.

With respect to the first cause of action, based upon defendant's failure to have a license, we shall assume for the moment, as alleged by the plaintiff that defendant's principal was not a steamship company and that defendant acted in violation of section 150 of the General Business Law when it arranged passage for the plaintiff. The defendant contends that the cause of action is insufficient in law.

The statute (General Business Law, § 150) provides that "No person, firm, or corporation, other than * * * the agents of * * * steamship companies duly appointed in writing, shall hereafter engage within this state in the sale of steamship tickets * * * without having first procured a license to carry on such business". Section 153 of that law provides that one who violated it shall be guilty of a misdemeanor.

A violation of some statutes requiring a license to do business renders the contract made thereunder unenforcible, if not void (*Carmine* v. *Murphy,* 285 N. Y. 413 [Alcoholic Beverage Control Law, Cons. Laws, ch. 3-B]; *American Store Equip. & Constr. Corp.* v. *Jack Dempsey's Punch Bowl,* 283 N. Y. 601 [Education Law, § 1476, subd. 1]; *Adler* v. *Zimmerman,* 233 N. Y. 431 [National Prohibition Act]; *Atkin* v. *Hill, Darlington & Grimm,* 15 A D 2d 362, affd. 12 N Y 2d 940 [Insurance Law, § 51, subd. 1]; *O'Mara* v. *Dentinger,* 271 App. Div. 22, 29 *et seq.* [United States Rationing Act]); but a contract made in violation

of certain other statutes which require a license or certificate to do business will not for that reason be rendered unenforcible (*Rosasco Creameries* v. *Cohen,* 276 N. Y. 274 [Agriculture and Markets Law, § 257]; *Sajor* v. *Ampol, Inc.,* 275 N. Y. 125, 130–131 [General Business Law, art. 23-A]; *Fosdick* v. *Investors Syndicate,* 266 N. Y. 130 [Banking Law]; *Mahar* v. *Harrington Park Villa Sites,* 204 N. Y. 231 [General Corporation Law]; *Gold Medal Farms* v. *Rutland County Co-op. Creamery,* 9 A D 2d 473). In *Atkin* v. *Hill, Darlington & Grimm* (*supra,* p. 367) Presiding Justice BOTEIN said: "Legislative intent remains the touchstone" for determining the effect of violation of a particular statute (and, see, 6 Williston, Contracts [Rev. ed.], § 1764).

It is the general rule that one who is required to have a license to practice a profession or occupation and who has no license will not be permitted to recover for the services which he has rendered in the practice of such profession or occupation (*Roman* v. *Lobe,* 243 N. Y. 51; *Baird* v. *Krancer,* 138 Misc. 360; 6 Williston, Contracts [Rev. ed.], § 1765); and thus it is clear that had the plaintiff not already paid the defendant an amount which includes his commission, the defendant could not have recovered the commission from the plaintiff in an action. That does not mean, however, that by virtue of the statute the plaintiff can recover his payment from the defendant. (See *Schank* v. *Schuchman,* 212 N. Y. 352.) In the *Schank* case the court said (p. 359): "The law may at times refuse to aid a wrongdoer in getting that which good conscience permits him to receive; it will not for that reason aid another in taking away from him that which good conscience entitles him to retain." In other words, such statutes may serve as a shield but rarely may they serve as a sword. If the defendant, acting in good faith, paid the money over to its principal and thus no longer has it within its control, the violation of the statute would not have been a factor in the plaintiff's loss, and the plaintiff could not recover it by virtue of the statutory violation. (See *Klinkenstein* v. *Third Ave. Ry. Co.,* 246 N. Y. 327; N. Y. Contracts Law, § 2306, including n. 49; and, see, *Fosdick* v. *Investors Syndicate,* 266 N. Y. 130, 135.) Upon the facts of this case, therefore, the first cause of action is insufficient in law.

Recovery of the money paid by the plaintiff to the defendant rests, however, upon grounds unrelated to the statutory violation, which will, under certain circumstances, support recovery under the second, third and fourth causes of action.

In *Schank* v. *Schuchman* (*supra,* p. 358) CARDOZO, J., said: "The action for money had and received is based, however,

upon equitable principles. The plaintiffs must show that it is against good conscience for the defendant to keep the money." (See, also, *Rothrock Syosset, Inc.* v. *Kreutzer*, 2 A D 2d 777; *County of Oneida* v. *First Citizens Bank & Trust Co.*, 264 App. Div. 212.) In the *Oneida* case the court said (p. 214): "An action for money had and received * * * is in its true nature a substitute for a suit in equity and it is to be ruled by broad considerations of equity and justice."

In conformity with these principles the Restatement of the Law of Restitution states in section 17: "A person who has paid money to another in the performance of an agreement with a third person is entitled to restitution from the other if, because of fraud or mistake, the agreement or transfer was ineffective or was voidable and has been avoided, unless the other gave value therefor or changed his position, without notice of the cause of avoidance". In subdivisions (1) and (2) of section 142 thereof, it is stated:

"(1) The right of a person to restitution from another because of a benefit received is terminated or diminished if, after the receipt of the benefit, circumstances have so changed that it would be inequitable to require the other to make full restitution.

"(2) Change of circumstances may be a defense or a partial defense if the conduct of the recipient was not tortious and he was no more at fault for his receipt, retention or dealing with the subject matter than was the claimant." (See, also, §§ 69 and 178 thereof; and, see, *comment a.* under § 142, p. 568.)

In *comment a.* under section 143 of the Restatement of the Law of Restitution it is stated (p. 578): "In cases where the fiduciary relationship is known, the transferor has reason to believe that the subject matter will be transferred to the beneficiary and unless the agent or other fiduciary has been guilty of fraud or of some fault which would prevent a change of circumstances from operating as a bar to restitution, it is just that restitution should be denied if, by payment to the beneficiary or otherwise, the fiduciary has changed his position." And, see, *comment b.* thereunder.

These principles are also reflected in the following cases and authorities which indicate that where money is paid under circumstances that it would not have been paid had the true facts been known, the payor may recover it provided the payee has not innocently so changed his position that it would be unjust to require a refund. (*National City Bank* v. *Westcott*, 118 N. Y. 468; *National Park Bank* v. *Seaboard Bank*, 114 N. Y.

28; *Ledwith* v. *Merritt,* 74 App. Div. 64, affd. 174 N. Y. 512; *Garey* v. *Huff Co., Inc.,* 135 Misc. 138, 141; *Weiner* v. *Roof,* 19 Cal. 2d 748; *First Nat. Bank* v. *Noble,* 179 Ore. 26, 56; 3 C. J. S., Agency, § 217, p. 127; 2 C. J., Agency, § 495, p. 822.) "The test which determines whether a recovery may be had is whether the defendant in equity and good conscience is entitled to retain the money to which the plaintiff asserts claim." (*First Nat. Bank* v. *Noble, supra,* p. 56 and, see, *Schank* v. *Schuchman, supra,* p. 358, quoted above.) "The fact that the agent credits the principal with the amount received does not release the agent from his obligation to make restitution so long as he continues to hold the money on behalf of the principal (Rest., Restitution, sec. 143 (b); Rest., Agency, sec. 339 (f); see *National Bank of Calif.* v. *Miner,* 167 Cal. 532 [140 Pac. 27]; 2 C. J. 823); but when the agent parts with the money in accordance with the agency, he is released from liability." (*Weiner* v. *Roof,* 19 Cal. 2d 748, 752; but, cf., *Colvin* v. *Holbrook,* 2 N. Y. 126; *Middleworth* v. *Blackwell,* 85 App. Div. 613.)

Applying the above principles to this case, the defendant having admitted that it retained as commissions $69 of plaintiff's payment, it is only fair and equitable that it return that sum to the plaintiff. But the defendant asserts that it paid over to its principal the balance of the money paid to it by the plaintiff, to wit, the sum of $635.55. Assuming that it did so and that it paid it without knowledge that plaintiff's scheduled trip would be cancelled, the defendant so changed its position in good faith that it should be exonerated from repaying such sum to the plaintiff. Whether the defendant paid the money to its principal and did so innocently are questions of fact exclusively within its knowledge and unknown to the plaintiff. Summary judgment in favor of the defendant may not therefore be granted as to this part of plaintiff's claim, upon the defense thereto. (*De France* v. *Oestrike,* 8 A D 2d 735; *Verity* v. *Peoples State Bank of Baldwin,* 1 A D 2d 833; *Matter of Emerson,* 22 Misc 2d 950, 955.) Moreover, even if the alleged violation of section 150 of the General Business Law would support a cause of action against the defendant, defendant's contention that its principal in fact operated the S. S. *Riviera* and that as a certificated agent of such principal the statute does not apply to it, might be a valid defense. (See *Weingast* v. *Rialto Pastry Shop,* 243 N. Y. 113.) Thus, were the first cause of action to stand, this would be another fact question which would forbid the granting of the motion for summary judgment as to the amount paid over to the principal.

One of the bases for granting the motion below seems to have been the plaintiff's contention that the defendant was liable because its principal was undisclosed. An agent is liable as a principal if the fact of the agency is not known by the customer, i.e., the third party with whom he deals. (*McClure* v. *Central Trust Co.*, 165 N. Y. 108; *Argersinger* v. *MacNaughton*, 114 N. Y. 535; *Goodman Prods. Corp.* v. *A. Lustig, Inc.*, 265 App. Div. 506; *International Agric. Corp.* v. *Carpenter*, 180 App. Div. 871; *Stockholm* v. *All Transport*, 1 Misc 2d 949; *Scire* v. *American Export Lines*, 197 Misc. 422; *Propstra* v. *Dyer*, 189 F. 2d 810; Restatement, Agency 2d, §§ 4, 320, 321; 3 C. J. S., Agency, § 216.) Even though he knows of the agency, the customer may hold the agent as a principal if the identity of the principal is not made known or is not known to him at or before the making of the contract. (*Ell Dee Clothing Co.* v. *Marsh*, 247 N. Y. 392; *Meyer* v. *Redmond*, 205 N. Y. 478; *Halpern* v. *American Export Lines*, 108 N. Y. S. 2d 177.) Where the customer knows of the agency, however, and knows the principal, the agent cannot be held liable in the absence of special agreement therefor. (*Hall* v. *Lauderdale*, 46 N. Y. 70; 2 Williston, Contracts [3d ed.], § 288.) It is not important how the customer acquired knowledge of the agency and of the existence of the principal; if he in fact knew thereof or in view of the facts known to him he should have known thereof without investigation, he may not hold the agent responsible as a principal. (2 Williston, Contracts [3d ed.], § 288; Restatement, Agency 2d, § 4, *comments c.* and *f.*) Moreover, the name of the principal need not be known to him. So long as he has knowledge of the identity of the principal it is sufficient; and the identity may be disclosed by description as well as by name. (*Rabinowitz* v. *Zell* [App. Term], 191 N. Y. S. 720; *Strachan Shipping Co.* v. *Alexander Eccles & Co.*, 25 F. 2d 361; *Hudson Trading Co.* v. *Hasler & Co.*, 11 F. 2d 666; *Instituto Cubano De Estabilizacion Del Azucar, Etc.* v. *The S. S. Theotokos*, 155 F. Supp. 945; 2 N. Y. Jur., Agency, § 316; 3 C. J. S., Agency, § 216, subd. c., 2 C. J., Agency, § 494, p. 821.)

Where the facts as to the relationship are undisputed, the court must decide the question of liability (*Meriden Nat. Bank* v. *Gallaudet*, 120 N. Y. 298, 308); but where questions of fact exist as to the customer's knowledge of the existence and identity of the principal, the court must submit them to a jury. (*Foreign Trade Banking Corp.* v. *Gerseta Corp.*, 237 N. Y. 265, 274–275; *Newman* v. *Greeff*, 101 N. Y. 663; *Cobb* v. *Knapp*, 71 N. Y. 348; *Hernandez* v. *Brookdale Mills*, 194 App. Div.

369, 381–382; *V. Foscato, Inc.* v. *Preco Chem. Corp.*, 31 Misc 2d 940.)

In the light of the above principles it was error for the court to grant summary judgment in favor of the plaintiff with respect to the second, third and fourth causes of action upon the ground that defendant was acting as agent for an undisclosed principal. Not only would most persons know that a travel agency such as the defendant was not the owner or operator of an ocean-going cruise ship, but in this case defendant asserts that the plaintiff in fact knew that the Caribbean Cruise Lines, Inc. operated the S. S. *Riviera*, and there is, therefore, a question of fact to be determined at trial. If the plaintiff had such knowledge, he cannot recover from the defendant on said causes of action on the ground of undisclosed principal.

The judgment and orders appealed from should be modified, therefore, on the law, to dismiss the first cause of action of the complaint, to grant partial summary judgment in favor of the plaintiff against the defendant for the sum of $69, and otherwise to deny the plaintiff's motion for summary judgment, with costs and disbursements to abide the event.

BREITEL, J. P., VALENTE, McNALLY and STEUER, JJ., concur.

Judgment and orders unanimously modified, on the law, to dismiss the first cause of action of the complaint, to grant partial summary judgment in favor of the plaintiff against the defendant for the sum of $69, and otherwise to deny the plaintiff's motion for summary judgment, with $50 costs to abide the event. Settle order on notice.