190 So.2d 3 (1966)
E.A. McQUADE TRAVEL AGENCY, INC., a Florida Corporation, Appellant,
v.
Harry L. DOMECK and Viola A. Domeck, Appellees.
No. 442.
District Court of Appeal of Florida. Fourth District.
September 14, 1966.
Rehearing Denied October 3, 1966.
*4 Ronald B. Sladon, of Duffy & Sladon, Fort Lauderdale, for appellant.
Thomas E. Byrd and James B. Kerr, Fort Lauderdale, for appellees.
ANDREWS, Judge.
The defendant, E.A. McQuade Travel Agency, Inc., appeals final judgment entered for the plaintiffs, Harry L. Domeck and Viola A. Domeck, awarding plaintiffs $2,057.50 plus costs for breach of contract. Plaintiffs filed a cross-assignment of error alleging that the proper amount of damages should be $2,667.50, plus costs.
Plaintiffs filed this suit against defendant to recover damages for breach of contract. Plaintiffs alleged that, in consideration of $2,667.50 paid to defendant, defendant agreed to sell plaintiffs two tickets on a certain cruise to Europe. Defendant answered alleging that it received the monies for the benefit of and transmittal to Caribbean Cruise Lines, Inc., a foreign corporation.
This cause came before the trial court on stipulated statement of facts to the effect that, on May 12, 1964, the defendant agreed to sell plaintiffs two tickets on a European cruise of the M/S Riviera which was to leave on September 11, 1964; that plaintiffs paid defendant the sum of $2,667.50 on or prior to July 23, 1964. All payments were made to E.A. McQuade Travel Agency, but the tickets were not delivered to the plaintiffs. It is also stipulated that there was no discussion between the plaintiffs and the defendant as to the person or corporation for which the defendant acted as agent, if any, or as to what disposition would be made of the money paid to defendant.
Prior to August 15, 1964, defendant forwarded $2,406.75 to Caribbean Cruise Lines, Inc., the company that was offering the cruise to Europe. On or about August 15, 1964, the plaintiffs and the defendant were informed that the M/S Riviera would not be making the scheduled cruise and that Caribbean Cruise Lines, Inc. sought protection under Chapter X of the Bankruptcy Act, 11 U.S.C.A., § 501 et seq.
The plaintiffs requested the defendant to return to them the money which they had paid for the tickets they did not receive. The defendant has offered to pay to plaintiffs $266.75 which was its commission but declined to pay any additional monies except such amount as it recovered from Caribbean Cruise Lines, Inc. The defendant has been unable to recover from Caribbean Cruise Lines, Inc.
*5 The original complaint contained a prayer for judgment in the amount of $2,057.50 plus costs. Prior to trial plaintiffs amended their complaint to reflect the exact amount they had paid defendant to be $2,667.50.
The trial court held the defendant liable because it failed to disclose its principal and awarded the plaintiffs $2,057.50 plus costs.
The main question presented for our determination is whether the defendant sufficiently disclosed the identity of its principal, Carribbean Cruise Lines, Inc., by merely revealing the name of the cruise ship, M/S Riviera.
In our research we failed to find a Florida decision directly on the question of disclosure of principal by an agent. However, the law in other states is well established that the disclosure of agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal. Argersinger v. MacNaughton, 1889, 114 N.Y. 535, 21 N.E. 1022; Norswing v. Lakeland Flying Service, Inc., 1951, 193 Or. 91, 237 P.2d 586. See 3 Am.Jur.2d, Agency § 320, page 677. Restatement 2d, Agency § 322. The disclosure of the name of the ship is merely the disclosure of a trade name, and is not a disclosure of the identity of the principal.[1] See 3 Am.Jur.2d, Agency § 320, page 677. The liability of an agent acting for an undisclosed principal is fully discussed in Unger v. Travel Arrangements, Inc., 1966, 25 A.D.2d 40, 266 N.Y.S.2d 715, a decision involving the same cruise.
We agree with the trial court that the defense of agency does not relieve the defendant from liability. The record supports the trial court's finding that the defendant was an agent of an undisclosed principal and therefore can be held liable. Hohauser v. Schor, Fla.App. 1958, 101 So.2d 169. We hold that there is sufficient evidence to support the trial court's holding that the defendant breached its contract with plaintiffs by failing to furnish the promised tickets.
The court has carefully considered the other points raised on appeal by appellant and finds them without merit.
Accordingly, we affirm as to liability and reverse as to amount of damages with direction that the judgment be amended to award damages to the plaintiffs in the amount of $2,667.50, plus costs.
SMITH, C.J., and WALDEN, J., concur.
NOTES
[1] This principle of law is to the contrary in maritime cases where disclosure of a ship's name has been held sufficient to identify the principal. Instituto Cubano De Estabilizacion Del Azucar v. The SS Theotokos, S.D.N.Y. 1957, 155 F. Supp. 945; Hudson Trading Co. v. Hasler & Co., Inc., S.D.N.Y. 1926, 11 F.2d 666; 1 Mechem, Agency § 1412 (2d Ed. 1914) and has been distinguished from the line of cases involving tickets or receipts which disclosed the ship but not the principal. See Halpern v. American Export Lines, 1951, Mun.Ct., 108 N.Y.S.2d 177; Scire v. American Export Lines, 1949, 197 Misc. 422, 93 N.Y.S.2d 457.