Per Curiam.

Given the custom described in the opposing papers and the fact that defendant knew that plaintiff, a State of Louisiana architect, did not have a New York license yet availed itself of his services as architect, defendant is not entitled to summary judgment.
Defendant waited until plaintiff’s services were completed and then raised the question of the license to avoid payment. In these circumstances, the parties are in pari delicto. .While plaintiff should not have practiced architecture in this State without a New York license, defendant should not have knowingly called upon him to do architecture work with respect to a New York building without a New York license.
Accordingly, assuming the facts as presented by plaintiff, defendant would be estopped from invoking the defense that plaintiff is not licensed in New York (see Bintz v. Mid-City Park Corp., 223 App. Div. 533; Roth v. Hoster Realty Co., 119 Misc. 686 [App. Term, 1st Dept.]).
American Store Equip. & Constr. Corp. v. Jack Dempsey’s Punch Bowl (174 Misc. 436, affd. 258 App. Div. 794) is not to the contrary. That case turned on the fact that plaintiff not only was not licensed as an architect, but ‘ ‘ could not, in fact, be licensed ”.
The moving affidavits do not demonstrate beyond debate that plaintiff maintained an office in New York for the regular conduct of architectural services and regularly held himself out as a “ registered architect ” of the State of New York. Whether or not this is so, and, if so, its effect upon plaintiff’s right to recover should be determined only after trial.
The order should be affirmed, with $10 costs.