OPINION OF THE COURT
Bernard Fuchs, J.
Plaintiff, a home improvement contractor, sues to recover on an oral agreement with defendant for work done at defendant’s premises and adjoining properties. Defendant moves for summary judgment on the ground that plaintiff is unlicensed in violation of the Administrative Code of City of New York and that the agreement is oral, contrary to a New York City Department of Consumer Affairs regulation. By cross motion plaintiff seeks to amend his bill of particulars and the summons and complaint to name as defendants both defendant’s wife and owners of the adjoining properties.
Article 42 (§ B32-352.0, subd [a]) of the Administrative Code of City of New York reads as follows: "No person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor or salesman from an owner without a license therefor.” The same article at section B32-365.0 makes it a misdemeanor to conduct an unlicensed home improvement business and permits the Corporation Counsel to seek an injunction against violations of the statute. The legislative purpose, stated in section B32-350.0, is to "protect the homeowner against abuses and fraudulent practices * * * in the home improvement, remodeling and repair business.” But nothing in the statute states whether an unlicensed plaintiff may recover either on his contract or in quantum meruit.
Contractors in breach of article 42 have been denied recovery on either theory (Buffoleno v Denning, 82 Misc 2d 472; Vegliack v Mazzella, 73 Misc 2d 90), although Vegliack may also be explained on the ground that the work was not authorized by defendant. While in accord with those decisions as to nonenforcement of the contract, Lindner Appraisal Corp. v Frewil Corp. (72 Misc 2d 1041) permitted a quantum meruit recovery measured, however, without "corporate profit”. Atkin v Hill, Darlington & Grimm (15 AD2d 362, 367, affd without opn 12 NY2d 940) teaches that "[legislative intent remains the touchstone” of the statute’s impact on the transaction. This requires consideration of the nature of the statute and *537 the surrounding circumstances. Cases arising under comparable statutes are revealing.
As a general rule, recovery for the plaintiffs unlicensed performance is denied. (Rosasco Creameries v Cohen, 276 NY 274; Unger v Travel Arrangements, 25 AD2d 40, 44.) The courts are, nevertheless, judicious in applying that rule.
Willful disregard of the licensing requirement or breach of a strong statutory policy to protect life, health, safety or morals may well justify turning the plaintiff out of court. (Schleimer v McPherson, 60 AD2d 837 [15 years’ unlicensed operation]; Wineman v Blueprint 100, 75 Misc 2d 665 [statute protecting life and health]; Johnston v Dahlgren, 31 App Div 204, affd 166 NY 354 [failure to register with board of health]; Spiegel v Cohen, 186 Misc 889 [unlicensed electrician]; Carmine v Murphy, 285 NY 413 [health and safety — liquor traffic]; Richards Conditioning Corp. v Oleet, 21 NY2d 895 [health and safety].) An innocent transgression, on the other hand, or guilty participation by defendant may permit recovery for the work performed. (Lusardo v Harper, 116 NYS2d 734; Wormuth v Lower Eastside Action Project, 71 Misc 2d 314.)
When the illegality is merely malum prohibitum, endangering neither health nor morals, and denial of recovery would be a punishment "wholly out of proportion to the requirements of public policy” the price of goods sold without a license may be recovered. (Rosasco Creameries v Cohen, 276 NY 274, 278, supra.) If the license is required solely for revenue purposes, moreover, and not to protect defendant or the public, the contract is fully enforced. (Galbreath-Ruffin Corp. v 40th & 3d Corp., 19 NY2d 354; 15 Williston, Contracts [3d ed], § 1765.)
Such cases present a continual quandary. Denial of recovery may work an unjust enrichment of the defendant at the expense of a plaintiff whose actions were innocent or only slightly at fault. Allowing recovery on the contract, however, hazards frustration of the legislative purpose. And a grant of the quantum meruit may do scarcely less.
As to article 42 of title B, automatic dismissal of every unlicensed contractor’s action would risk injustices rivaling those which the statute was enacted to prevent. Recovery should be permitted for reasons, consonant with justice, which do not frustrate the legislative policy. This is the resolution *538 toward, which the decisions have tended. (See Fosdick v Investors Syndicate, 266 NY 130.)
In the present case it appears that plaintiff may have believed he was licensed. Allegedly illiterate in English, plaintiff was formerly, it is suggested, in a licensed partnership from which separate operation may not have developed until after the agreement with defendant. No complaint is made about plaintiff’s performance except as a vague afterthought in the reply papers that the work was "done improperly” and "not completed”. There is no indication of any abuses or frauds at which the statute is directed. Article 42 states a less emphatic policy than statutes which shield health, safety or morals. To grant defendant’s motion would permanently enrich him at plaintiff’s expense by some thousands of dollars, a result which in this case is "wholly out of proportion to the requirements of public policy”. (Rosasco Creameries v Cohen, 276 NY 274, 278, supra.)
This is not to say that unlicensed performance is without consequence. If plaintiff cannot plead and prove that he was licensed the contract will not be enforced. (Garey v Huff Co., 135 Misc 138.) Recovery must then be limited to the lesser of plaintiff’s cost of performance, its reasonable value or the contract price so that no profit may be derived from violation of the statute. (Lindner Appraisal Corp. v Frewil Corp., 72 Misc 2d 1041, supra.)
Plaintiff does not dispute his failure to provide a written contract as required by subdivision (a) of section 1 of the Department of Consumer Affairs Regulations. Those regulations were adopted pursuant to section 773-4.0 of the Administrative Code which is captioned "Powers of the commissioner of consumer affairs with respect to licensing.”
Nothing in the regulation purports to affect the contract or other rights of recovery which licensees or persons required to be licensed may claim or which may be claimed against them. The regulation bears merely on the standing before the Department of Consumer Affairs of persons subject to the licensing requirements of article 42 and on the sanctions and disciplines which the commissioner may apply to such persons. It must be read within the scope of the authorizing ordinance. (See Matter of Executive Serv. Corp., 256 App Div 345.)
Defendant’s motion for summary judgment is denied and *539 the cross motion is granted. Plaintiff may, within 15 days after service of a copy of this order with notice of entry, serve an amended complaint and bill of particulars in accordance with the cross motion. The amended complaint may also plead plaintiff’s license if any and name his former partnership as a plaintiff if he is so advised. (See CPLR 1025, 3025, subd [b], and 1003.)