OPINION OF THE COURT
Martin J. Kerins, J.
This is an action to recover $1,500 for breach of contract. Plaintiffs made arrangements for a honeymoon trip to Jamaica with defendant, a travel agent. Plaintiffs paid $2,059 to defendant in advance (Sept. 24,1984) of the scheduled departure date of November 10, 1984.
The plaintiffs’ wedding went off as scheduled but their honeymoon ran into some turbulence. On November 10,1984, the day the newlyweds were scheduled to depart for their “fun-filled and hassle-free” vacation in the sun, they received a phone call from the defendant advising them that Lotus Tours, the wholesaler through whom defendant booked plaintiffs’ travel reservations, went bankrupt. Plaintiffs were further informed that their “prepaid” reservation at “sandles”, that “remarkable and totally *51 inclusive hideaway * * * conceived for lovers” Went unpaid by Lotus Tours. The good news was that the plaintiffs’ air fare had been paid before Lotus took a nose dive.
The court can only speculate as to plaintiffs’ shock and disbelief upon hearing such news on the very day they were to leave on their honeymoon. However, once the initial shock had subsided plaintiffs resolved that this phantom wholesaler, by whatever name, would not deprive them of their long awaited and oft anticipated, once in a lifetime honeymoon holiday. Plaintiffs booked new reservations at “couples”, that equally accommodating Carribean resort where you “leave your money at home”. The brochure’s enticing invitation to the contrary notwithstanding, plaintiffs couldn’t leave home without it — they had to pay $1,312 in cash upon arrival for their substituted honeymoon accommodations.
Based upon the testimony at trial the court finds that the defendant failed to disclose both the fact that it was acting as agent for a wholesaler (principal) and the identity of such principal (Lotus) to the plaintiffs at or before the making of the contract. Accordingly, Lotus Tours was an undisclosed principal.
An agent who makes a contract in his own name for an undisclosed principal is liable as a principal on such contract. (McClure v Central Trust Co., 165 NY 108; Stockholm v All Transp., 1 Misc 2d 949; 3 NY Jur 2d, Agency, § 309.) Even if the customer knows of the agency, an agent is liable for his acts where the identity of the principal is not disclosed or is not known to such customer at or before the making of the contract. (Siegel v Council of Long Is. Educators, 75 Misc 2d 750; see also, Unger v Travel Arrangements, 25 AD2d 40; Ell Dee Clothing Co. v Marsh, 247 NY 392.)
Moreover, a travel agency is liable to the customer for damages resulting from travel reservations made through a wholesaler where, as here, the customer did not consent to the use of such wholesaler and there was no independent relationship between the retail travel agent and the wholesaler. (Bucholtz v Sirotkin Travel, 80 Misc 2d 333; see also, Antar v Trans World Airlines, 66 Misc 2d 93, affd 37 AD2d 921.)
If a travel agent uses a wholesaler for travel reservations with the consent, express or implied, of the customer, then the travel agent will not be liable for damages caused by the wholesaler provided such agent exercises reasonable diligence in selecting such wholesaler. (.Bucholtz v Sirotkin Travel, supra.) Here there was no express consent. Nor is knowledge of the practice of using wholesalers for travel reservations so pervasive among the *52 public as to dompel or justify a finding of implied consent. (Bucholtz v Sirotkin Travel, supra; cf. Unger v Travel Arrangements, supra.)
Accordingly, judgment for plaintiffs in the sum of $1,312 plus costs and disbursements.