■ MURLE SPIRO, Respondent, v DELMAR TRAVEL BUREAU, INC., Also Known as DELMAR TRAVEL BUREAU, Appellant.—Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered July 24, 1991, which affirmed an order of the City Court of Albany, *inter alia,* granting plaintiff's motion for summary judgment.

We find that plaintiff was properly granted leave to amend her complaint to include the correct corporate name of defendant in that the original summons and complaint gave defendant adequate notice of the commencement of the action and an opportunity to defend *(see, Matter of Great E. Mall v Condon,* 36 NY2d 544, 548-549; *City of Mount Vernon v Best Dev. Co.,* 268 NY 327; *cf., Pinto v House,* 79 AD2d 361). As to the merits of plaintiff's action, we find that defendant's cross

motion for summary judgment dismissing the complaint should have been granted as to the first and third causes of action. No evidence was presented to support the allegations of deceptive acts or practices or of conversion. As to the remaining cause of action, we find that summary judgment should have been partially granted. A travel agent will be found liable for the misfeasance or nonfeasance of a wholesaler of travel services if the fact of the agency relationship with the wholesaler or the identity of the wholesaler is not made known to the traveler *(see, Marcus v Zenith Travel,* 178 AD2d 372; *Unger v Travel Arrangements,* 25 AD2d 40, 47-48). If the wholesaler is fully disclosed, the travel agency will nonetheless be liable under such circumstances for restitution to the traveler of any money retained as a commission by the agency *(see, Unger v Travel Arrangements, supra,* at 46-47). Finally, the travel agency will be liable in any event if it fails to exercise reasonable care in the selection of the wholesaler *(see, Marcus v Zenith Travel, supra; Unger v Travel Arrangements, supra,* at 47-48).

Here, defendant stated in answer to interrogatories that it received a commission of $415.24. Partial summary judgment for plaintiff should therefore be granted as to that amount on the second cause of action *(see, Unger v Travel Arrangements, supra).* Questions of fact exist, however, as to when defendant disclosed its relationship with and the identity of the wholesaler, whether defendant exercised reasonable care in the selection of the wholesaler and plaintiff's minimization of damages, precluding further summary judgment.

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment on cause of action Nos. 1 and 3 and so much of cause of action No. 2 as seeks recovery from defendant beyond the amount of the commission paid to it; grant summary judgment to defendant on cause of action Nos. 1 and 3 and dismiss said causes of action, deny plaintiff's motion for summary judgment on cause of action No. 2 insofar as it seeks recovery in excess of the amount of the commission paid to defendant; and, as so modified, affirmed.